## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

Keith Rutt                                :
     Plaintiff :  No._____
         :
  v.       :
         :
Agency Insurance Services, Inc. :  JURY TRIAL DEMANDED
     Defendant :

### COMPLAINT

### Parties to the Action

1. Plaintiff Keith Rutt, is an adult individual, sui juris, residing at 140 Lakewood Drive, Pequea, Lancaster County, Pennsylvania, 17565.

2. Defendant is Agency Insurance Services, Inc., (hereinafter referred to as "Defendant Agency Insurance"), a corporation organized and existing by virtue of the laws of the State of Maryland and authorized to do business in the Commonwealth of Pennsylvania, with its principle place of business at P.O. Box 8820 Eldridge, Maryland 21075-8820.

### Jurisdiction

3. Jurisdiction is based on diversity of citizenship, as the Plaintiff is not a citizen of the same state as the Defendant.

4. The amount in controversy exceeds $150,000.00 exclusive of interest and costs.

## Operative Facts

5.      On or about August 20, 2016, at approximately 1:30 p.m., Keith Rutt was driving a 2011 Harley Davidson motorcycle (hereinafter called the "Rutt Motorcycle") north on N. Colebrook Road through the intersection with Elizabethtown Road in Rapho Township, Lancaster County, Pennsylvania.

6.      At the aforesaid time and place, Miki Shirk (hereinafter called the "Underinsured Driver") was operating a 2004 Ford motor vehicle owned by Earl M. Doutrich (hereinafter called the "Doutrich Vehicle"), and drove the Doutrich Vehicle from Elizabethtown Road directly into the side of the Rutt Motorcycle, resulting in a collision.

7.      There is a stop sign controlling traffic on Elizabethtown Road, but no stop sign controlling traffic traveling north on N. Colebrook Road.

8.      The Underinsured Driver was negligent and careless in the operation of the Doutrich Vehicle in one or more of the following particulars:

a.      In driving the Doutrich Vehicle onto N. Colebrook Road when it was unsafe to do so;

b.      In failing to look and observe other traffic, including the Rutt Motorcycle, before driving onto N. Colebrook Road;

c.      In failing to yield the right-of-way to the Rutt Motorcycle;

d.      In failing to stop the Doutrich Vehicle before impacting the Rutt Motorcycle;

e.      In failing to properly brake the Doutrich Vehicle in order to avoid a collision;

f.      In failing to maintain adequate control of the Doutrich Vehicle in order to avoid a collision;

g. In failing to have the Doutrich Vehicle under proper and reasonable control so as to avoid the collision;

h. In failing to take adequate and proper steps to avoid the collision with the Rutt Motorcycle;

i. In failing to heed the presence and location of the Rutt Motorcycle;

j. In failing to be properly attentive and watchful while operating the Doutrich Vehicle;

k. In failing to take steps to warn Keith Rutt of the impending collision and

l. In operating the Doutrich Vehicle without due regard for the rights and safety of others on the roadway, such as Keith Rutt, and without regard to the position of other vehicles on the roadway, especially the Rutt Motorcycle.

9. As a result of the negligent and careless conduct of the Underinsured Driver as more specifically set forth herein, Keith Rutt has suffered injuries as more specifically set forth herein.

10. As a direct and proximate result of the foregoing collision, Keith Rutt sustained personal injuries including those set forth below:

a. Left Leg Surgery: Irrigation and Debridement of Open Wound of the Tibia and Distal Femur with primary Closure complicated measuring a total of approximately 15 cm, 10 on the Femur and 4 on the Tibia/Open Reduction of Displaced Severe Comminuted Intercondylar/Supracondylar Femur Fracture/Application of External Fixator (08/20/16);

b. Surgery: Exploration of Left Posterior Tibialis with Repair of Pseudo Aneurysm, Evacuation of Hematoma, Left Leg Angiogram and Left Leg Fasciotomy (08/20/16);

c.     Surgery: Left Tibia Irrigation and Debridement, Complex Wound Closure, Adjustment of External Fixator with Reduction of Tibia Fracture and Application of 12 x 1 cm Incisional Wound Vac (08/22/16);

d.     Surgery: Removal of External Fixator, Open Reduction of Lateral Tibial Plateau Fracture, Intramedullary Nail of the Left Segmental Femur Fracture (08/29/16);

e.     Surgery: Left Distal Femur Open Reduction and Internal Fixation (09/01/16);

f.     Surgery: Wound Scrub (09/17/17);

g.     Surgery: Wound Scrub (09/20/17);

h.     Admission to Lancaster General Hospital: 18 Days (08/20/16-09/06/16);

i.     Second Admission to Lancaster General Hospital: 11 Days (09/16/16-09/26/16);

j.     Admission to Lancaster Rehab Hospital: 11 Days (09/06/16-09/16/16);

k.     Second Admission to Lancaster Rehab Hospital: 9 Days (09/26/16-10/04/16)

l.     Severely Comminuted obvious Left Bicondylar Open Distal Femur Fracture with bone protruding from an open wound at the knee and with an Intraarticular Component involving the Medial Femoral Condyle;

m.     Comminuted Fracture through the Mid-Shaft of the Left Tibia with a 10 cm prominent Fracture Fragment displaced anteriorly;

n.     Displaced Fracture through the Distal Shaft of the Left Fibula with the Distal Fragment Displaced medially;

o.     Vertically oriented Left Medial Tibial Plateau Fracture with Distraction and Depression;

p.     Open Fracture of Left Tibial Plateau;

q.     Open Fracture of left Patella;

r.     1½ Left Shaft with Posterior Displacement of the Distal Fracture Fragments;

s.     Severed Left Posterior Tibial Artery Injury;

t.     Associated Intramuscular Hematoma related to the Posterior Tibial Artery;

u.     Left second toe and dorsum of left anterior foot Numbness which continues;

v.     Extensive hardware in left leg;

w.     Acute blood loss anemia;

x.     Extensive scarring;

y.     Weak right dorsalis pedis pulse;

z.     Extensive soft tissue edema;

aa.     Non-weightbearing for over 3 months;

bb.     Use of wheelchair, walker, knee immobilizers and cane;

cc.     Right Tibial Plateau Fracture;

dd.     Left knee Laceration/left leg Abrasion;

ee.     Right Shoulder Rotator Cuff Tear;

ff.     Hooked up to PICC Lines for six weeks;

gg.     Extensive physical therapy

hh.     Left upper arm abrasion and

ii.     Contusion of left elbow.

11.     As a direct and proximate result of the foregoing collision and resulting injuries, Keith Rutt has suffered permanent scarring and disfigurement, for all of which damages are claimed.

12.     As a direct and proximate result of the foregoing collision and resulting injuries, Keith Rutt has suffered and will continue to suffer pain and suffering, discomfort, embarrassment and humiliation, inconvenience, and loss of enjoyment of life, for all of which damages are claimed.

13.     As a direct and proximate result of the foregoing collision and resulting injuries, Keith Rutt has incurred medical expenses and may in the future incur medical expenses, which may be recoverable under the Pennsylvania Motor Vehicle Financial Responsibility Law, for all of which excess damages are claimed.

14.     As a direct and proximate result of the foregoing collision and resulting injuries, Keith Rutt has incurred income losses and may in the future incur income losses, which may be recoverable under the Pennsylvania Motor Vehicle Financial Responsibility Law, for all of which excess damages are claimed.

## COUNT I

### Breach of Contract/Underinsured Motorist Claim

15.     Paragraph one (1) through fourteen (14) of the Complaint are incorporated herein by reference thereto.

16.     At the time of the collision, Defendant Agency Insurance provided motor vehicle liability insurance coverage to Keith Rutt providing coverage through policy number MC 0010586 (hereinafter called "the Rutt Policy").  A true and correct copy of the amended motorcycle policy information document dated June 28, 2016, and covering the policy period from June 20, 2016 through June 20, 2017, verifying the coverage, is attached as

Exhibit "1". Keith Rutt is entitled to all the rights, privileges and protections contained in the Rutt Policy.

17.     The Rutt Policy is governed by the terms, conditions and provisions of the Pennsylvania Motor Vehicle Financial Law ("PaMVFRL") 75 PaCSA §1701 et. seq.

18.     Pursuant to the Rutt Policy, specifically, the Insuring Agreement in the Underinsured Motorist Endorsement, it is provided that "**We** will pay compensatory damages for **bodily injury** an **insured** is legally entitled to recover from the owner or driver of an **Underinsured Motorist Vehicle.**

19.     "Insured" is defined in the Underinsured Motorist Endorsement as set forth below.

> (1) You;
> (2) Resident relative;
> (3) Any other person while occupying your motor vehicle...

At all times relevant hereto, Keith Rutt was an insured under the Rutt Policy.

20.     The Rutt Policy has bodily injury liability limits in the amount of $50,000.00 per person/$100,000.00 per accident, an amount which is much greater than the minimum coverage required by the Commonwealth of Pennsylvania, in order to protect the financial integrity of persons who may suffer bodily injury as a result of his negligence while operating a motor vehicle.

21.     As a result of Keith Rutt's election of bodily injury liability limits in an amount greater than the minimum coverage required by law, he paid, and Defendant Agency Insurance accepted, increased premium payments.

22.     The Rutt Policy also has Underinsured Motorist Benefits coverage, an option.

23.     Since the Rutt Policy had Underinsured Motorist Benefits, Keith Rutt paid, and Defendant Agency Insurance accepted, increased premium payments.

24.     Keith Rutt has fully complied with all the terms, conditions and duties required under the Rutt Policy.

25.     As a result of the negligence of the Underinsured Driver as set forth in the Complaint, Keith Rutt has sustained injuries as more specifically set forth in paragraphs ten (10) through fourteen (14).

26.     The Underinsured Driver's automobile liability insurance carrier, State Farm Insurance Company, tendered the full amount of the available policy limits in the amount of $50,000.00 on or about January 31, 2017.

27.     Defendant Agency Insurance consented to the settlement and waived its rights of subrogation.

28.     The Underinsured Driver's policy limits were not adequate to compensate Keith Rutt for the injuries which he sustained as a result of the August 20, 2016, collision.

29.     According to the Amended Motorcycle Policy Information form, Defendant Agency Insurance insured four motorcycles on the Rutt Policy.

30.     The Amended Motorcycle Policy Information form does not indicate that the Underinsured Motorist Benefits on the four motorcycles is not Stacked.

31.     Also, by letter dated September 21, 2016, Kelly Gorney, a Defendant Agency Insurance representative, in response to a request by Keith Rutt's counsel, sent a copy of the Dec Sheet to Keith Rutt's counsel.  The Dec Sheet is the Amended Motorcycle Policy Information form attached as Exhibit 1.  It does not state the Underinsured Motorist Benefits are not Stacked.  **A copy of the September 21, 2016, correspondence from Defendant Agency Insurance along with the attachment is attached as Exhibit 2.**

32.     By email dated October 10, 2016, Defendant Agency Insurance's agent, Melanie Rettig of the Ross Insurance Agency, LLC, provided to Keith Rutt's counsel a Rejection of Stacked Underinsured Motorist Benefits coverage limits form allegedly signed by Keith Rutt on June 17, 2014. **Copies of the October 10, 2016 email and forms are attached as Exhibit 3.**

33.     By fax dated December 28, 2016, Keith Rutt's counsel sent a fax to Defendant Agency Insurance advising Defendant Agency Insurance that the signature on the June 17, 2014 Rejection Form allegedly signed by Keith Rutt was not Keith Rutt's signature.  The fax also requested additional information.  **A copy of the December 28, 2016 fax is attached as Exhibit 4.**

34.     By fax dated April 24, 2017, Keith Rutt's counsel provided to Ms. Gorney of Defendant Agency Insurance an Affidavit signed by Keith Rutt stating that the signature on the June 27, 2014 Rejection of Stacked Underinsured Motorist Coverage limits form was not his signature.  In his Affidavit, Keith Rutt states that if an agent would have explained to him Staked Underinsured Motorist Coverage limits he would have elected that option.  **A copy of the April 24, 2017 fax and Affidavit are attached as Exhibit 5.**

35.     In the April 24, 2017 fax, Keith Rutt's counsel requested immediate tender of the full amount of the Stacked Underinsured Motorist Benefits in the amount of $200,000.00.  Also, he offered to provide to Defendant Agency Insurance any medical documentation it may need to substantiate the claim having a value in excess of $250,000.00.

36.     By letter dated April 24, 2017, Peter Marchant of Defendant Agency Insurance responded to the April 24, 2017 letter by refusing to offer the Stacked Underinsured Motorist Benefits.  He stated that, "we have determined that Mr. Rutt has signed the Rejection of Stacked Underinsured Motorist Coverage limits on June 17, 2014…"  **A copy of the April 24, 2017 correspondence is attached as Exhibit 6.**

37.     Subsequently, Keith Rutt's counsel contacted Defendant Agency Insurance's employee/agent, Peter Marchant, to inquire concerning the basis for his determination that Keith Rutt had allegedly signed the Rejection of Stacked Underinsured Motorist Benefits coverage form as asserted in his April 24, 2017 fax.  Mr. Marchant did not provide any basis.  Instead, he advised Keith Rutt's counsel that there was a valid rejection because Keith Rutt would have received notice that the coverage was not Stacked subsequent to the June 17, 2014 inception of the policy and before the date of loss of August 20, 2016.  The notice was a renewal notice stating that the coverage was not Stacked.

38.     Keith Rutt's counsel then sent a fax to Mr. Marchant and Ms. Gorney of Defendant Agency Insurance dated July 18, 2017.  In that correspondence, he set forth the basis for Keith Rutt's position that there was Stacked Underinsured Motorist Benefits coverage.  He cited specific legal authority for that position.  **A copy of the July 18, 2017 fax is attached as Exhibit 7.**

39.     With no explanation whatsoever, Defendant Agency Insurance responded by letter dated July 19, 2017, stating that it would continue to take the unjustifiable position that there was a valid waiver of Stacked coverage.  **A copy of the July 19, 2017 correspondence is attached as Exhibit 8.**

40.     Despite Keith Rutt's counsel's request that Defendant Agency Insurance provide him legal authority for its position that there was a valid Rejection of Stacked Underinsured Motorist Benefits, Defendant Agency Insurance has never done so.

41.     In the July 18, 2017, correspondence, Keith Rutt's counsel also requested that Defendant Agency Insurance immediately tender the undisputed Underinsured Motorist Benefits of $50,000.00.  Defendant Agency Insurance has not done so.

42.     On June 20, 2003, Keith Rutt applied for motorcycle insurance with Ross Agency.   The policy only had one motorcycle listed.   Keith Rutt Rejected Stacked Underinsured Motorist Benefits since there was only one vehicle on the policy.  **A copy of the policy and the Rejection of Stacking forms signed on June 20, 2003 are attached as Exhibit 9.**

43.     75 Pa. C.S.A. Section 1738(e) provides that the stacked rejection form must be signed by the "First Named Insured".   If the form is not signed by the First Named Insured, the form is void and the coverage is stacked.   1738(e).

44.     In *Weilacher v. State Farm*, 65 A.3d 976 (Pa. Super. 2013); the Pennsylvania Superior Court specifically held that paying a premium for reduced UM/UIM coverages does not operate as a waiver of the Section 1734 requirement that insureds need to provide a written request seeking lower statutory required UM/UIM coverage levels.

45.     Further, in *Weilacher*, the Superior Court stated, "it is well-settled that the [insured's payment of] premiums for several years thereafter cannot operate as a waiver under Section 1734 and 1791." *Erie Insurance Exchange v. Larimore*, 987 A.2d 732, 738 (Pa. Super. 2009); *Motorists Ins. Cos. v. Emig*, 444 Pa. Super. 524, 664 A.2d 559, 569 (1995). See also, *Breuninger v. Pennland Ins. Co.*, 450 Pa. Super. 149, 675 A.2d 353, 357 (1996).

46.     Importantly, whereas Section 1738 requires that the "first" named insured sign a form, Section 1734 only requests "a" named insured to sign in writing.  Further, there is no specific form such as there is in Section 1738.  Therefore, asserting that Mr. Rutt rejected stacked Uninsured Motorist Benefits on the basis of him receiving renewal notices is not a valid defense under Pennsylvania law.

47.     Defendant Agency Insurance has breached its contract with Keith Rutt by failing to pay to Keith Rutt the available Stacked Underinsured Motorist Benefits in the amount of $200,000.00.

48.     To the extent the damages exceed the insurance coverage the Underinsured Driver has, Keith Rutt makes a claim against Defendant Agency Insurance for such excess damages.

**WHEREFORE**, Keith Rutt demands judgment against Defendant Agency Insurance in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00), together with interest and costs thereon as allowed by law, which damages exceed the jurisdictional requirements for arbitration referral by Local Rule.

## COUNT II

## BAD FAITH

49.     Paragraphs one (1) through forty-eight (48) of the Complaint are incorporated herein by reference thereto.

50.     Keith Rutt is an "insured" of Defendant Agency Insurance within the meaning of 42 Pa.C.S.A. §8371, which statute imposes a duty upon an insurance company to act in good faith in dealing with its insured, including but not limited to, the handling of claims for Underinsured Motorist Benefits.

51.     Defendant Agency Insurance has a duty to act in good faith including, without limitation, the obligation to concede that there is Stacked Underinsurance Motorist Benefits in a case such as this where the signature on the form is clearly not Keith Rutt's signature, a Dec Sheet was initially provided to Keith Rutt's counsel which does not indicate the Underinsured Motorist Benefits were not Stacked and Keith Rutt would have chosen Stacked coverage if provided that option.

52.     Defendant Agency Insurance has acted without reasonable basis by:

a.     Not conceding that there is Stacked Underinsured Motorist Benefits.

b.     Not immediately tendering to Keith Rutt the undisputed Underinsured Motorist Benefits of $50,000.00 unless he signed a Release.

c.     Elevating its own interests above those of its insured.

53.     Defendant Agency Insurance knew of or recklessly disregarded its lack of reasonable basis for the above actions and omissions, by among other things:

a.     Not considering the evidence that the signature on the Rejection of Stacked Underinsured Motorist Benefits is not Keith Rutt's signature.

b.     Ignoring clear proof that the signature on the Rejection of Stacking form was not Keith Rutt's signature.

c.     By not providing any proof whatsoever that the signature on the Rejection of Stacking form was Keith Rutt's signature.

d.     In asserting that there is not Stacked Underinsured Motorist Benefits when the Dec Sheet initially provided to Keith Rutt's counsel does not indicate that the Underinsured Motorist Benefits are not Stacked.

e.     In relying on forms which allegedly set forth policy limits which are different than the forms initially provided to Keith Rutt's counsel.

f.      In asserting that Keith Rutt receiving renewal notices of non-Stacked coverage as a basis for its position although that position has no support in Pennsylvania law.

g.      In providing no legal authority for its position.

54.    Defendant Agency Insurance's actions have been in reckless disregard of Keith Rutt's rights, and have been willful, wanton and outrageous.

**WHEREFORE,** Keith Rutt demands judgment against Defendant Agency Insurance for any and all damages provided under 42 Pa.C.S.A. §8371, including without limitation, punitive damages, attorney's fees, interest and costs of suit.

HAGELGANS & VERONIS

By: _____
James D. Hagelgans, Esquire
Attorney for Plaintiff
Attorney I.D. No. 37371
223 North Duke Street
Lancaster, PA 17602
Telephone:  (717) 295-7009
Facsimile:   (717) 396-9746

Date: 1⁰/2ⁿ/17

# Exhibit 1



**Agency Insurance Company of Maryland, Inc.**

P.O.Box 8900 • Elkridge, MD 21075-8900 • (800) 492-5629

\*\* AMENDED \*\* 6/28/2016
# MOTORCYCLE POLICY INFORMATION

**POLICY NUMBER:** MC 0010586

**INSURED**
Keith W Rutt
140 Lakewood Dr
Pequea, PA 17565

**AGENT**   717-397-4729
ROSS INSURANCE AGENCY LLC
1496 LITITZ PIKE
LANCASTER, PA  17601-0000

| ISSUE DATE | POLICY TERM | |
|---|---|---|
| 6/28/2016 | 06/20/2016 - 06/20/2017 | This policy incepts the later of:<br>A. 12:01 AM on the first day of the policy period; or<br>B. the binding time on the signed application on the first day of the policy period.<br>This policy shall expire at 12:01 AM on the last day of the policy period. |

| VEH | YR | MAKE | MODEL | VIN | GAR ZIP | COMP DED | COLL DED | TLC | ACCESSORY | TRIP |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1991 | HARLEY DAVIDSON | XL 1200 SPORTS | 1HD1CAP13MY133776 | 17565 | None | None | N | None | None |
| 2 | 2011 | HARLEY DAVIDSON | DYNA WIDE GLID | 1HD1GP415BC301617 | 17565 | 100 | 500 | N | 1-3000 | None |
| 3 | 2003 | HARLEY DAVIDSON | XL1200C | 1HD1CGP173K433339 | 17565 | None | None | N | None | None |
| 4 | 2016 | YAMAHA | YFM700FWAD GRI | 5Y4AMB6Y0GA101553 | 17565 | 100 | 500 | N | None | None |

| COVERAGES/LIMITS | PREMIUMS | | | |
|---|---|---|---|---|
| | VEH 1 | VEH 2 | VEH 3 | VEH 4 |
| Bodily Injury/Property Damage<br>50000/100000/25000 each person/each accident/each accident | 56.00 | 25.00 | 38.00 | 14.00 |
| Pedestrian Basic First Party Benefit - 5000 each accident | 2.00 | 2.00 | 2.00 | 2.00 |
| Uninsured Motorist - 50000/100000 each person/each accident | 11.00 | 22.00 | 17.00 | 2.00 |
| Underinsured Motorist - 50000/100000 each person/each accident | 23.00 | 45.00 | 35.00 | 5.00 |
| Comprehensive | | 15.00 | | 23.00 |
| Collision | | 53.00 | | 47.00 |
| Towing - 75 per disablement (trip is included if indicated above) | | 10.00 | | |
| | | | | |
| TOTAL VEHICLE PREMIUM | 92.00 | 172.00 | 92.00 | 93.00 |

**TOTAL POLICY PREMIUM**   $449.00

Amended Premium   $64.00

THIS IS NOT AN OFFICIAL POLICY DECLARATION

Page 1 of  2

 **Agency Insurance Company of Maryland, Inc.**

P.O.Box 8900 • Elkridge, MD 21075-8900 • (800) 492-5629

** AMENDED ** 6/28/2016
# MOTORCYCLE POLICY INFORMATION

POLICY NUMBER:  MC 0010586

**INSURED**
Keith W Rutt
140 Lakewood Dr
Pequea, PA 17565

AGENT      717-397-4729
ROSS INSURANCE AGENCY LLC
1496 LITITZ PIKE
LANCASTER, PA  17601-0000

| ISSUE DATE | POLICY TERM | |
|---|---|---|
| 6/28/2016 | 06/20/2016 - 06/20/2017 | This policy incepts the later of:<br>A. 12:01 AM on the first day of the policy period; or<br>B. the binding time on the signed application on the first day of the policy period.<br>This policy shall expire at 12:01 AM on the last day of the policy period. |

| DRV | DRIVER NAME | EXCLUDED | DATE OF BIRTH | MARITAL STATUS | SEX | LICENSE NUMBER |
|---|---|---|---|---|---|---|
| 1 | Keith W Rutt | No | 02/01/1957 | Married | M | 17706244 |

**DISCOUNTS AND SURCHARGES**

| | | |
|---|---|---|
| Advance Quote Discount | Claim Free Renewal Discount | Motorcycle Endorsement Discount |
| Multi Vehicle Discount | Paid-In-Full Discount | Responsible Driver Discount |
| Transfer Discount | | |

**LOSS PAYEES**
JONESTOWN BANK & TRUST CO
PO BOX 9378
RICHMOND , VA 23227

THIS IS NOT AN OFFICIAL POLICY DECLARATION          Page 2 of  2

# Exhibit 2

# Agency Insurance Company

P.O. BOX 8820 ELKRIDGE, MD 21075-8820
410-684-3292
1-800-492-5629

Claims Department
410-691-7738
800-841-5241

Facsimile
410-691-7747

September 21, 2016

Hagelgans & Vernois, LLP
223 N. Duke St
Lancaster, PA 17602

Re:    Our Insured:  Keith Rutt
        Our Claim #: 120996
        Date of Loss: 8/20/16
        Your Client (s): Keith and Karen Rutt

This is follow up to your letter dated September 21, 2016, we acknowledge your representation of the above referenced client in this matter.

I also received your request for several documents regarding his policy. I have included a copy of his declarations page, however as our policies are exclusively sold by agents we do not house any signed documents in our system. The declarations page shows the information for the agent and you can contact them directly for any signed forms, renewals, and endorsements.

Please call me with any questions or concerns regarding this matter.  I can be reached directly at 410-691-7738.

Sincerely,

Kelly Gorney
Claims Representative

Attorney Ack.Ltr

 **Agency Insurance Company of Maryland, Inc.**

P.O.Box 8900 • Elkridge, MD 21075-8900 • (800) 492-5629

** AMENDED ** 6/28/2016
## MOTORCYCLE POLICY INFORMATION

**POLICY NUMBER:** MC 0010586

**INSURED**
Keith W Rutt
140 Lakewood Dr
Pequea, PA 17565

**AGENT** 717-397-4729
ROSS INSURANCE AGENCY LLC
1496 LITITZ PIKE
LANCASTER, PA 17601-0000

| ISSUE DATE | POLICY TERM | This policy incepts the later of: |
|---|---|---|
| 6/28/2016 | 06/20/2016 - 06/20/2017 | A. 12:01 AM on the first day of the policy period; or B. the binding time on the signed application on the first day of the policy period. This policy shall expire at 12:01 AM on the last day of the policy period. |

| VEH | YR | MAKE | MODEL | VIN | GAR ZIP | COMP DED | COLL DED | TLC | ACCESSORY | TRIP |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1991 | HARLEY DAVIDSON | XL 1200 SPORTS | 1HD1CAP13MY133776 | 17565 | None | None | N | None | None |
| 2 | 2011 | HARLEY DAVIDSON | DYNA WIDE GLID | 1HD1GP415BC301617 | 17565 | 100 | 500 | N | 1-3000 | None |
| 3 | 2003 | HARLEY DAVIDSON | XL1200C | 1HD1CGP173K433339 | 17565 | None | None | N | None | None |
| 4 | 2016 | YAMAHA | YFM700FWAD GRI | 5Y4AMB6Y0GA101553 | 17565 | 100 | 500 | N | None | None |

| COVERAGES/LIMITS | PREMIUMS | | | |
|---|---|---|---|---|
| | VEH 1 | VEH 2 | VEH 3 | VEH 4 |
| Bodily Injury/Property Damage | 56.00 | 25.00 | 38.00 | 14.00 |
| 50000/100000/25000 each person/each accident/each accident | | | | |
| Pedestrian Basic First Party Benefit - 5000 each accident | 2.00 | 2.00 | 2.00 | 2.00 |
| Uninsured Motorist - 50000/100000 each person/each accident | 11.00 | 22.00 | 17.00 | 2.00 |
| Underinsured Motorist - 50000/100000 each person/each accident | 23.00 | 45.00 | 35.00 | 5.00 |
| Comprehensive | | 15.00 | | 23.00 |
| Collision | | 53.00 | | 47.00 |
| Towing - 75 per disablement (trip is included if indicated above) | | 10.00 | | |
| | | | | |
| TOTAL VEHICLE PREMIUM | 92.00 | 172.00 | 92.00 | 93.00 |

| TOTAL POLICY PREMIUM | $449.00 | | Amended Premium | $64.00 |
|---|---|---|---|---|

THIS IS NOT AN OFFICIAL POLICY DECLARATION

Page 1 of  2



**Agency Insurance Company of Maryland, Inc.**

P.O.Box 8900 • Elkridge, MD 21075-8900 • (800) 492-5629

** AMENDED ** 6/28/2016
# MOTORCYCLE POLICY INFORMATION

**POLICY NUMBER:**  MC 0010586

**INSURED**
Keith W Rutt
140 Lakewood Dr
Pequea, PA 17565

**AGENT**      717-397-4729
ROSS INSURANCE AGENCY LLC
1496 LITITZ PIKE
LANCASTER, PA  17601-0000

| ISSUE DATE | POLICY TERM | This policy incepts the later of:<br>A. 12:01 AM on the first day of the policy period; or<br>B. the binding time on the signed application on the first day of the policy period.<br>This policy shall expire at 12:01 AM on the last day of the policy period. |
|---|---|---|
| 6/28/2016 | 06/20/2016 - 06/20/2017 | |

| DRV | DRIVER NAME | EXCLUDED | DATE OF BIRTH | MARITAL STATUS | SEX | LICENSE NUMBER |
|---|---|---|---|---|---|---|
| 1 | Keith W Rutt | No | 02/01/1957 | Married | M | 17706244 |

### DISCOUNTS AND SURCHARGES

| | | |
|---|---|---|
| Advance Quote Discount | Claim Free Renewal Discount | Motorcycle Endorsement Discount |
| Multi Vehicle Discount | Paid-In-Full Discount | Responsible Driver Discount |
| Transfer Discount | | |

### LOSS PAYEES
JONESTOWN BANK & TRUST CO
PO BOX 9378
RICHMOND , VA 23227

# Exhibit 3

## Jim Hagelgans

| | |
|---|---|
| **From:** | Melanie Rettig <Melanier@rossinsuranceagency.com> |
| **Sent:** | Monday, October 10, 2016 3:43 PM |
| **To:** | Jim Hagelgans |
| **Subject:** | Keith Rutt |
| **Attachments:** | rutt_2016_10_10_15_07_42_450.pdf |
| **Importance:** | High |

Please see attached um/uim stacking rejection form on Keith Rutt's cycle policy

Please let me know if you need anything further
Thank you!!

*Melanie Rettig*

**Ross Insurance Agency LLC**
**1496 Lititz Pike**
**Lancaster PA 17601**
**(717) 397-4729**
**Fax   397-6756**

*"The highest compliment we could receive is to be recommended to a friend"*

 Find us on
Facebook

## UNDERINSURED COVERAGE LIMITS

Rejection of Stacked Underinsured Motorist Coverage Limits

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.


_____            _____
SIGNATURE OF FIRST NAMED INSURED            DATE 6/17/14

PAMC-010 (06/09)

## UNINSURED COVERAGE LIMITS

Rejection of Stacked Uninsured Motorist Coverage Limits

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

_____          _____
SIGNATURE OF FIRST NAMED INSURED          DATE

PAMC-008 (06/09)

# Exhibit 4

# HAGELGANS & VERONIS, LLP
## ATTORNEYS AT LAW

James D. Hagelgans
jim@hvlawfirm.com

Nicholas A. Veronis
nveronis@hvlawfirm.com

Thomas C. Wee
twee@hvlawfirm.com

Loura Keepers
loura@hvlawfirm.com

223 N. Duke Street
Lancaster, PA 17602

Phone 717.295.7009

Toll free 877.454.8529

Fax 717.396.9746

www.hvlawfirm.com

December 28, 2016

**Fax to: 1-410-691-7747**
Ms. Kelly Gorney
Agency Insurance Company
P.O. Box 8820
Elkridge, MD  21075

**Fax to: 397-6756**
Ms. Melanie Rettig
Ross Insurance Agency
1496 Lititz Pike
Lancaster, PA  17601

|  |  |  |
|---|---|---|
| **Re:** | **Underinsured Motorist Claim** | |
| | **Your Insured:** | **Keith Rutt** |
| | **Our Clients:** | **Keith and Karen Rutt** |
| | **Claim Number:** | **120-996** |
| | **Claim/Policy No.:** | **38 953J 749/MC 0010586** |
| | **Date of Collision:** | **8/20/16** |

Dear Ms. Gorney and Ms. Rettig:

By letter dated September 21, 2016, I requested information related to the above-referenced claim.  A copy of my September 21, 2016 correspondence is enclosed for your easy reference.

Subsequently, my Assistant, Donna, requested rejection forms from Ross Insurance Agency by letter dated October 6, 2016.  A copy of the October 6, 2016 correspondence is also enclosed.

Thereafter, rejection of stacked Underinsured Motorist forms were sent to me.  Those forms are dated June 17, 2014.

I have reviewed the June 17, 2014 forms with my client and the insured on the Agency Insurance Company policy, Keith W. Rutt.  According to Mr. Rutt, the signature on the forms you provided to me is not his signature.  Further, Mr. Rutt believes that he had stacked Underinsured Motorist coverage.

Accordingly, I need to review the documents previously requested in my September 21, 2016 correspondence.  Specifically, the documents I am requesting are set forth below.

1. The original Application for Benefits completed at the time of the policy inception.

2. Any renewal policies.

Ms. Kelly Gorney, Agency Ins. Co.
Ms. Melanie Rettig, Ross Insurance Agency
December 28, 2016
Page 2

3. Any and all endorsements to the policies.

4. Any documentation wherein Mr. Rutt elected to have unstacked Underinsured Motorist Benefits.

Sincerely yours,

James D. Hagelgans

JDH/dms
Enclosure
cc:   Mr. & Mrs. Keith Rutt

P. 1

�false✳ ✳ ✳  Communication Result Report ( Dec. 28. 2016  4:28PM ) ✳ ✳ ✳

1) Hagelgans & Veronis
2)

Date/Time: Dec. 28. 2016  4:26PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 2372 | Memory TX | 14106917747 | P.  4 | OK | |

---

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection
E. 6) Destination does not support IP-Fax

---

## HAGELGANS & VERONIS, LLP
### ATTORNEYS AT LAW

James D. Hagelgan
jim@hvlawfirm.com
Nicholas A. Veronis
nveronis@hvlawfirm.com
Thomas C. Woc
twoc@hvlawfirm.com
Leann Knepers
knece@hvlawfirm.com

223 N. Duke Street
Lancaster, PA 17602
Phone 717.295.7009
Toll-free 877.464.8529
Fax 717.396.9746
www.hvlawfirm.com

December 28, 2016

Fax to: 1-410-691-7747
Ms. Kelly Gomey
Agency Insurance Company
P.O. Box 9820
Elkridge, MD 21075

Fax to: 397-6756
Ms. Melanie Retlig
Ross Insurance Agency
1498 Lititz Pike
Lancaster, PA 17601

Re:  Underinsured Motorist Claim
Your Insured:    Keith Rutt
Our Clients:     Keith and Karen Rutt
Claim Number:    120-996
Claim/Policy No.: 38 953J 749/MC 0010596
Date of Collision: 8/20/16

Dear Ms. Gomey and Ms. Retlig:

By letter dated September 21, 2016, I requested information related to the above-referenced claim. A copy of my September 21, 2016 correspondence is enclosed for your easy reference.

Subsequently, my Assistant, Donna, requested rejection forms from Ross Insurance Agency by letter dated October 6, 2016. A copy of the October 6, 2016 correspondence is also enclosed.

Thereafter, rejection of stacked Underinsured Motorist forms were sent to me. Those forms are dated June 17, 2014.

I have reviewed the June 17, 2014 forms with my client and the insured on the Agency Insurance Company policy, Keith W. Rutt. According to Mr. Rutt, the signature on the forms you provided to me is not his signature. Further, Mr. Rutt believes that he had stacked Underinsured Motorist coverage.

Accordingly, I need to review the documents previously requested in my September 21, 2016 correspondence. Specifically, the documents I am requesting are set forth below.

1. The original Application for Benefits completed at the time of the policy inception.

2. Any renewal policies.

P. 1

* * * Communication Result Report ( Dec. 28. 2016  4:30PM ) * * *

1)
2) Hagelgans & Veronis

Date/Time: Dec. 28. 2016  4:26PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2373 | Memory TX | 3976756 | P.  4 | OK | |

--------------------------------------------------------------------------

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size     E. 6) Destination does not support IP-Fax
----

## HAGELGANS & VERONIS, LLP
### ATTORNEYS AT LAW

James D. Hagelgans
jim@kvlawfirm.com
Nicholas A. Veronis
veronis@kvlawfirm.com
Thomas C. Wee
wee@kvlawfirm.com
Laura Keepers
lore@kvlawfirm.com

223 N. Duke Street
Lancaster, PA 17602
Phone 717.295.7009
Toll free 877.454.8529
Fax 717.396.9746
www.kvlawfirm.com

December 28, 2016

Fax to: 1-410-691-7747
Ms. Kelly Gomey
Agency Insurance Company
P.O. Box 8820
Elkridge, MD 21075

Fax to: 397-6756
Ms. Melanie Rettig
Ross Insurance Agency
1496 Lititz Pike
Lancaster, PA 17601

Re:   Underinsured Motorist Claim
      Your Insured:     Keith Rutt
      Our Clients:      Keith and Karen Rutt
      Claim Number:     120-986
      Claim/Policy No.: 38 953J 749/MC 0010586
      Date of Collision: 8/20/16

Dear Ms. Gomey and Ms. Rettig:

By letter dated September 21, 2016, I requested information related to the above-referenced claim. A copy of my September 21, 2016 correspondence is enclosed for your easy reference.

Subsequently, my Assistant, Donna, requested rejection forms from Ross Insurance Agency by letter dated October 6, 2016. A copy of the October 6, 2016 correspondence is also enclosed.

Thereafter, rejection of stacked Underinsured Motorist forms were sent to me. Those forms are dated June 17, 2014.

I have reviewed the June 17, 2014 forms with my client and the Insured on the Agency Insurance Company policy, Keith W. Rutt. According to Mr. Rutt, the signature on the forms you provided to me is not his signature. Further, Mr. Rutt believes that he had stacked Underinsured Motorist coverage.

Accordingly, I need to review the documents previously requested in my September 21, 2016 correspondence. Specifically, the documents I am requesting are set forth below.

1.   The original Application for Benefits completed at the time of the policy inception.

2.   Any renewal policies.

# Exhibit 5

```
06/20/03                    PENNSYLVANIA MOTORCYCLE                    PAGE 1
            KEITH RUTT                     POLICY #: 37236812-0
```

**UPLOAD MESSAGE:** Upload Successful on 06/20/2003 02:43PM  ref. 3638
COMPANY INFORMATION:
Progressive Northern Insurance Company
P.O. BOX 94625       CLEVELAND OH 44101
AGENT INFORMATION:        TOTAL PREMIUM: 166.00      POLICY #: 37236812-0
ROSS INSURANCE AGENCY     DOWN PAYMENT: 166.00
1496 LITITZ PIKE           BALANCE DUE:   0.00
LANCASTER , PA 17601      DOWNPAY REQ:  166.00
(717)397-4729   RR-01308  DOWNPAY METH: EXPRESS MONEY
ROSS, RICHHI

                          (Do Not Retain Commission)

## GENERAL INFORMATION

KEITH RUTT                    EFF DATE/TIME: 06/20/03 02:37PM
140 LAKEWOOD DR                POLICY TERM: 12 MONTHS
PEQUEA , PA 17565-               PAY PLAN: PAID IN FULL
HOME PHONE: (717)284-4022
WORK PHONE:

## DRIVER AND HOUSEHOLD RESIDENTS

Complete for all household residents who operate the vehicles described in the
application, all operators that have an ownership interest in any of these
vehicles, and any other regular operator of these vehicles.

| DR# | DRIVER'S NAME | SEX | MARITAL STATUS | RELATION | ADD INS | DATE OF BIRTH | PRNCPL VEHICLE |
|-----|---------------|-----|----------------|----------|---------|---------------|----------------|
| 1 | KEITH RUTT | M | MARRIED | INSURED | | 02/01/57 | 1 |

| DR# | SOCIAL SECURITY # | LICENSE NUMBER | ST | LICENSE STATUS |
|-----|-------------------|----------------|-----|----------------|
| 1 | 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 | 17706244 | PA | VALID |

## VEHICLE INFORMATION

| VEH # | YEAR | MAKE | MODEL | VIN | VEHICLE USE |
|-------|------|------|-------|-----|-------------|
| 1 | 1995 | YAMAH | XV1100 | JYA1TEE01SA061626 | PLEASURE |

| VEH # | GARAGING ZIP | ST | ENGINE CC'S | NUM WHEELS |
|-------|--------------|-----|-------------|------------|
| 1 | 17565 | PA | 1063 | 2 |

```
06/20/03                    PENNSYLVANIA MOTORCYCLE                  PAGE 2
             KEITH RUTT                  POLICY #: 37236812-0
```

```
                                  COVERAGES
            1995 YAMAH                              VEH 1
BIPD/GP  50/100/25                                    44
PED FPB  5000/$0 DED                                   2
UMBI     50/100 UN                                    46
UIM      50/100 UN                                    74
MED PAY  NONE                                          0
COMP     NONE                                          0
COLL     NONE                                          0
CPE                                                    0
RD SIDE  NONE                                          0
                                                    ----
                                                     166
Subtotal        $    166.00      Dr #/Sex/Marital/Age  1MM46

Total Premium   $    166.00
```

* Bodily Injury Coverage includes Guest Passenger (GP) coverage.

06/20/03                    PENNSYLVANIA MOTORCYCLE                    PAGE 11
        KEITH RUTT                      POLICY #: 37236812-0

## UNDERINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of underinsured
motorist coverage under the policy for myself and members of my household
under which the limits of coverage available would be the sum of limits for
each motor vehicle insured under the policy.  Instead the limits of coverage
that I am purchasing shall be reduced to the limits stated in the policy.  I
knowingly and voluntarily reject the stacked limits of coverage.  I
understand that my premiums will be reduced if I reject this coverage.

_____
Signature of First Named Insured

_____
Date

Form No. 8058 (06/00)

# Exhibit 6

# HAGELGANS & VERONIS, LLP
## ATTORNEYS AT LAW

James D. Hagelgans
jim@hvlawfirm.com

Nicholas A. Veronis
nveronis@hvlawfirm.com

Thomas C. Wee
twee@hvlawfirm.com

Loura Keepers
loura@hvlawfirm.com

223 N. Duke Street
Lancaster, PA 17602

Phone 717.295.7009

Toll free 877.454.8529

Fax 717.396.9746

www.hvlawfirm.com

April 24, 2017

**_Fax to: 1-410-691-7747_**
Ms. Kelly Gorney
Agency Insurance Company
P.O. Box 8820
Elkridge, MD  21075

**Re:**   **Underinsured Motorist Claim**
**Your Insured/Our Client: Keith Rutt**
**Claim Number:      120-996**
**Date of Collision:  8/20/16**

Dear Ms. Gorney:

I had earlier written to you to advise you that a form you had provided to me dated June 17, 2014, related to the stacking option was not signed by our client and Agency Insurance Company's named insured, Keith W. Rutt. Subsequently, I requested additional documents by letter dated December 28, 2016. Among those documents was the original Application for Benefits.

Subsequently, you provided to me the Application for Benefits. The signatures on those forms are also not Mr. Rutt's signature. You did not provide to me any other forms purportedly signed by Mr. Rutt.

With this letter I am providing to you an Affidavit signed by Mr. Rutt verifying that the signature on the Rejection of Stacked Underinsured Motorist Coverage Limits form you provided to me dated June 17, 2014, is not Mr. Rutt's signature. Indeed, if you compare the signature on the Affidavit to forms you had provided to me that Mr. Rutt signed in 2003, you will see that his signature is quite different than the signature on the 2014 forms.

Accordingly, by this letter, Mr. Rutt is demanding that Agency Insurance Company immediately tender the full available Underinsured Motorist Benefits in the amount of $200,000.00. Our understanding is that the coverage is $200,000.00 because there were four vehicles listed on the policy on August 20, 2016.

Ms. Kelly Gorney
Agency Insurance Company
April 24, 2017
Page 2


Since Mr. Rutt has suffered extensive injuries and it is clear that the value of his claim far exceeds the amount of $250,000.00, I did not request the extensive medical records related to Mr. Rutt's treatment.   If, however, you concede that the available coverage is $200,000.00 and need medical documentation, please contact me so that we may discuss what documentation you will need.

Sincerely yours,

James D. Hagelgans

JDH/dms
Enclosure
cc:   Mr. Keith Rutt

## **AFFIDAVIT**

COMMONWEALTH OF PENNSYLVANIA　　　)
　　　　　　　　　　　　　　　　　:　ss:
COUNTY OF LANCASTER　　　　　　　)

　　　　I, Keith Rutt, 140 Lakewood Drive, Pequea, PA, am the named insured on a policy with

Agency Insurance Company (AIC), policy number MC 0010586.  The signature on the form entitled,

Rejection of Stacked Underinsured Motorist Coverage Limits, dated June 17, 2014, is not my

signature.  A copy of the form is attached as **Exhibit A**.  Further, if an agent would have explained to

me Stacked Underinsured Motorist Coverage Limits, I would have elected that option.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Keith Rutt

Sworn and subscribed to　　　　)

before me this 21 day　　　　　)

of April　　　, 2017. )

　　　　　　　　　　　　　　　　　　　　COMMONWEALTH OF PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　Notarial Seal
　　　　　　　　　　　　　　　　　　　　Donna M. Soders, Notary Public
　　　　　　　　　　　　　　　　　　　　City of Lancaster, Lancaster County
　　　　　　　　　　　　　　　　　　　　My Commission Expires Nov. 19, 2017
　　　　　　　　　　　　　　　　　　　　MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

_____
　　　　Notary Public

My Commission Expires: 11/19/17

## UNDERINSURED COVERAGE LIMITS

Rejection of Stacked Underinsured Motorist Coverage Limits

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.


_____          _____
SIGNATURE OF FIRST NAMED INSURED          DATE

# Agency Insurance Company

P.O. BOX 8820 ELKRIDGE, MD 21075-8820
410-684-3269
1-800-492-5629

Claims Department
410-684-3269
800-841-5241

Facsimile
800-525-3699

April 24, 2017

Hagelgans & Veronis LLP
223 N. Duke St
Lancaster, PA 17602

Re:   Our Insured:  Keith Rutt
      Our Claim #:  120996
      Date of Loss  8/20/16
      Your Client (s):  Keith Rutt

Dear Mr. Hagelgans,

This is follow up to your letter dated April 24, 2017 demanding additional underinsured motorist bodily injury limits for Mr. Rutt.

We have determined Mr. Rutt has signed the Rejection of Stacked Underinsured Motorist Coverage limits on June 17, 2014 when the policy was originally started with Agency Insurance Company.  Since Mr. Rutt has signed the rejection form we are not able to provide additional limits above the $50,000 which has previously been offered.

Please call me with any questions or concerns regarding this matter.  I can be reached directly at 410-684-3269.

Sincerely,

Peter Marchant
Claims Representative

Attorney Ack.Ltr

# Exhibit 8

# HAGELGANS & VERONIS, LLP
## ATTORNEYS AT LAW

James D. Hagelgans
jim@hvlawfirm.com
Nicholas A. Veronis
nveronis@hvlawfirm.com
Thomas C. Wee
twee@hvlawfirm.com
Loura Keepers
loura@hvlawfirm.com

223 N. Duke Street
Lancaster, PA 17602
Phone 717.295.7009
Toll free 877.454.8529
Fax 717.396.9746
www.hvlawfirm.com

July 18, 2017

**Fax to: 1-800-525-3699**
Mr. Peter Marchant
Agency Insurance Company
P.O. Box 8820
Elkridge, MD  21075-8820

**Fax to: 1-410-691-7747**
Ms. Kelly Gorney
Agency Insurance Company
P.O. Box 8820
Elkridge, MD  21075-8820

Re:  **Your Insured/Our Client: Keith Rutt**
**Claim Number:**     120996
**Date of Loss:**     08/20/16

Dear Mr. Marchant and Ms. Gorney:

By fax dated April 24, 2017, I provided to Agency Insurance Company an Affidavit signed by Agency Insurance Company's Named Insured, Keith W. Rutt, stating that the signature on the Rejection of Stacked Underinsured Motorist Coverage Limits form dated June 17, 2014, was not his signature. I also demanded that Agency Insurance Company immediately tender the total available Underinsured Motorist Benefits in the amount of $200,000.00. Further, I offered to provide Agency Insurance Company medical documentation substantiating that the value of the claim exceeds $250,000.00 if Agency concedes that there is $200,000.00 in available Underinsured Motorist Benefits. (There is a credit for $50,000.00, the tortfeasor's limits).

Mr. Marchant responded to the April 24, 2017 fax. Mr. Marchant told me, when he and I recently spoke, that he was covering for Ms. Gorney when I sent the April 24, 2017 fax.

In the April 24, 2017 fax that Mr. Marchant sent to me, he stated, "we have determined that, Mr. Rutt has signed the Rejection of Stacked Underinsured Motorist Coverage limits on June 17, 2014..."

Recently, I contacted Mr. Marchant. At that time, I inquired concerning the basis of his determination that Mr. Rutt had allegedly signed the Rejection of Stacked Underinsured Motorist Coverage Limits. He did not provide me any basis. Instead, he advised me that Agency Insurance Company's position continued to be that there was a valid Rejection of Stacked Underinsured Motorist Coverage because Mr. Rutt would have received notice that the coverage was not stacked subsequent to the June 17, 2014 inception of the policy and before the date of loss of August 20, 2016. The notice was the renewal notice stating that the coverage was not stacked.

Mr. Peter Marchant, Agency
Ms. Kelly Gorney, Agency
July 18, 2017
Page 2

Before proceeding with the litigation of this claim, I will provide Agency Insurance Company one more opportunity to fulfill its duties to the Named Insured, Keith Rutt, and concede that there is Stacked Underinsured Motorist Coverage.   Based on the undisputed facts, the law is clear that the coverage is stacked.

75 Pa. C.S.A. Section 1738(e) provides that the stacked rejection form must be signed by the "First Named Insured".   If the form is not signed by the First Named Insured, the form is void and the coverage is stacked.  1738(e).

In *Weilacher v. State Farm*, 65 A.3d 976 (Pa. Super. 2013); the Pennsylvania Superior Court specifically held that paying a premium for reduced UM/UIM coverages does not operate as a waiver of the Section 1734 requirement that insureds need to provide a written request seeking lower statutory required UM/UIM coverage levels. Further, in *Weilacher* the Plaintiffs signed the Section 1791 "Important Notice" form alerting them that they may request UM/UIM coverages in amounts equal to or less than the limits of liability.

Further, in *Weilacher*, the Superior Court stated, "it is well-settled that the [insured's payment of] premiums for several years thereafter cannot operate as a waiver under Section 1734 and 1791." *Erie Insurance Exchange v. Larimore*, 987 A.2d 732, 738 (Pa. Super. 2009); *Motorists Ins. Cos. v. Emig*, 444 Pa. Super. 524, 664 A.2d 559, 569 (1995).  See also, *Breuninger v. Pennland Ins. Co.*, 450 Pa. Super. 149, 675 A.2d 353, 357 (1996).

Importantly, whereas Section 1738 requires that the "first" named insured sign a form, Section 1734 only requests "a" named insured to sign in writing. Further, there is no specific form such as there is in Section 1738.  Therefore, asserting that Mr. Rutt rejected stacked Uninsured Motorist Benefits on the basis of him receiving renewal notices is not a valid defense under Pennsylvania law.

Please advise me whether Agency Insurance Company will concede that its position is not legally correct and agree that there has not been a valid Rejection of Stacked Underinsured Motorist Benefits.  If Agency Insurance continues to take the position that there has been a valid rejection of Underinsured Motorist Benefits, please provide to me the legal authority for Agency Insurance Company's position.

Further, if I do not receive a response within 10 days of the date of this letter, I will assume that Agency Insurance Company intends to continue to violate its duties to Mr. Rutt to handle his claim in a good faith manner.  I will then proceed with the filing of a lawsuit.  If it necessary to do so, I will also include claims for bad faith damages including attorney's fees, costs, and punitive damages.

Mr. Peter Marchant, Agency
Ms. Kelly Gorney, Agency
July 18, 2017
Page 3


      Lastly, I am demanding that Agency Insurance Company immediately tender to Mr. Rutt the undisputed Underinsured Motorist Benefits of $50,000.00.  Of course, Mr. Rutt will not sign a Release since the law is clear that Mr. Rutt is entitled to Stacked Underinsured Motorist Benefits.

                    Sincerely yours,

                    James D. Hagelgans

JDH/dms
cc:   Mr. & Mrs. Keith Rutt

P. 1

\* \* \* Communication Result Report ( Jul. 18. 2017   4:04PM ) \* \* \*

1)
2) Hagelgans & Veronis

Date/Time: Jul. 18. 2017   4:02PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 2601 | Memory TX | 18005253699 | P.   3 | OK | |

---

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection
E. 6) Destination does not support IP-Fax

---

## HAGELGANS & VERONIS, LLP
### ATTORNEYS AT LAW

James D. Hagelgans
jim@hvlawfirm.com
Nicholas A. Veronis
nveronis@hvlawfirm.com
Thomas C. Wos
twos@hvlawfirm.com
Laura Kaeppen
laura@hvlawfirm.com

223 N. Duke Street
Lancaster, PA 17602
Phone 717.295.7009
Toll free 877.454.8529
Fax 717.396.9746
www.hvlawfirm.com

July 18, 2017

Fax to: 1-800-525-3699
Mr. Peter Marchant
Agency Insurance Company
P.O. Box 8820
Elkridge, MD  21075-8820

Fax to: 1-410-691-7747
Ms. Kelly Gorney
Agency Insurance Company
P.O. Box 8820
Elkridge, MD  21075-8820

Re:   Your Insured/Our Client: Keith Rutt
       Claim Number:   120999
       Date of Loss:    08/20/16

Dear Mr. Marchant and Ms. Gorney:

By fax dated April 24, 2017, I provided to Agency Insurance Company an Affidavit signed by Agency Insurance Company's Named Insured, Keith W. Rutt, stating that the signature on the Rejection of Stacked Underinsured Motorist Coverage Limits form dated June 17, 2014, was not his signature.  I also demanded that Agency Insurance Company immediately tender the total available Underinsured Motorist Benefits in the amount of $200,000.00.  Further, I offered to provide Agency Insurance Company medical documentation substantiating that the value of the claim exceeds $250,000.00 if Agency concedes that there is $200,000.00 in available Underinsured Motorist Benefits.  (There is a credit for $50,000.00, the tortfeasor's limits).

Mr. Marchant responded to the April 24, 2017 fax.  Mr. Marchant told me, when he and I recently spoke, that he was covering for Ms. Gorney when I sent the April 24, 2017 fax.

In the April 24, 2017 fax that Mr. Marchant sent to me, he stated, "we have determined that, Mr. Rutt has signed the Rejection of Stacked Underinsured Motorist Coverage limits on June 17, 2014..."

Recently, I contacted Mr. Marchant.  At that time, I inquired concerning the basis of his determination that Mr. Rutt had allegedly signed the Rejection of Stacked Underinsured Motorist Coverage Limits.  He did not provide me any basis.  Instead, he advised me that Agency Insurance Company's position continued to be that there was a valid Rejection of Stacked Underinsured Motorist Coverage because Mr. Rutt would have received notice that the coverage was not stacked subsequent to the June 17, 2014 inception of the policy and before the date of loss of August 20, 2016.  The notice was the renewal notice stating that the coverage was not stacked.

P. 1

\* \* \* Communication Result Report ( Jul. 18. 2017 4:06PM ) \* \* \*

1)  Hagelgans & Veronis
2)

Date/Time: Jul. 18. 2017  4:02PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 2602 | Memory TX | 14106917747 | P.  3 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size
E. 2) Busy
E. 4) No facsimile connection
E. 6) Destination does not support IP-Fax

---

**HAGELGANS & VERONIS, LLP**
ATTORNEYS AT LAW

James D. Hagelgans
jim@hvlawfirm.com
Nicholas A. Veronis
nveronis@hvlawfirm.com
Thomas C. Woc
twoc@hvlawfirm.com
Laura Keeners
lkeeners@hvlawfirm.com

223 N. Duke Street
Lancaster, PA 17602
Phone 717.295.7009
Toll free 877.654.8529
Fax 717.396.9746
www.hvlawfirm.com

July 18, 2017

| | |
|---|---|
| Fax to: 1-800-525-3699 | Fax to: 1-410-691-7747 |
| Mr. Peter Marchant | Ms. Kelly Gorney |
| Agency Insurance Company | Agency Insurance Company |
| P.O. Box 8820 | P.O. Box 8820 |
| Elkridge, MD  21075-8820 | Elkridge, MD  21075-8820 |

Re:  Your Insured/Our Client: Keith Rutt
Claim Number:   120996
Date of Loss:    08/20/16

Dear Mr. Marchant and Ms. Gorney:

By fax dated April 24, 2017, I provided to Agency Insurance Company an Affidavit signed by Agency Insurance Company's Named Insured, Keith W. Rutt, stating that the signature on the Rejection of Stacked Underinsured Motorist Coverage Limits form dated June 17, 2014, was not his signature. I also demanded that Agency Insurance Company immediately tender the total available Underinsured Motorist Benefits in the amount of $200,000.00. Further, I offered to provide Agency Insurance Company medical documentation substantiating that the value of the claim exceeds $250,000.00 if Agency concedes that there is $200,000.00 in available Underinsured Motorist Benefits. (There is a credit for $50,000.00, the tortfeasor's limits).

Mr. Marchant responded to the April 24, 2017 fax. Mr. Marchant told me, when he and I recently spoke, that he was covering for Ms. Gorney when I sent the April 24, 2017 fax.

In the April 24, 2017 fax that Mr. Marchant sent to me, he stated, "we have determined that Mr. Rutt has signed the Rejection of Stacked Underinsured Motorist Coverage limits on June 17, 2014..."

Recently, I contacted Mr. Marchant. At that time, I inquired concerning the basis of his determination that Mr. Rutt had allegedly signed the Rejection of Stacked Underinsured Motorist Coverage Limits. He did not provide me any basis. Instead, he advised me that Agency Insurance Company's position continued to be that there was a valid Rejection of Stacked Underinsured Motorist Coverage because Mr. Rutt would have received notice that the coverage was not stacked subsequent to the June 17, 2014 inception of the policy and before the date of loss of August 20, 2016. The notice was the renewal notice stating that the coverage was not stacked.

# Exhibit 9

# Agency Insurance Company

P.O. BOX 8820 ELKRIDGE, MD 21075-8820
410-684-3292
1-800-492-5629

Claims Department                                                                                          Facsimile
410-691-7738                                                                                              410-691-7747
800-841-5241

July 19, 2017

James Hagelgans
223 N. Duke St
Lancaster, PA 17602

Re:    Our Insured:  Keith Rutt
       Our Claim #:  120996
       Date of Loss:  8/20/16
       Your Client (s): Keith Rutt

This is follow up to your letter dated July 18th, 2017. We maintain our position that there is a valid waiver of stacked coverage. Please proceed as you see fit.

Further, we will not tender his policy limits without a signed release form.

Please call me with any questions or concerns regarding this matter.  I can be reached directly at 410-691-7738.

Sincerely,

Kelly Gorney
Claims Representative

Attorney Ack.Ltr